IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JAMES D. ALLEN,**

    **Plaintiff,**

                                                          Civil Action 2:19-cv-00497
                                                          Judge Algenon L. Marbley
        v.                                     Chief Magistrate Judge Elizabeth P. Deavers

**CORECIVIC, INC.,** *et al.***,**

    **Defendants.**

## INITIAL SCREEN REPORT AND RECOMMENDATION

      Plaintiff, James D. Allen, a state inmate who is proceeding without the assistance of counsel, brings this action against CoreCivic, Inc. and various employees at Lake Erie Correctional Institution ("John and Jane Does"). (ECF No. 3.) On February 15, 2019, Plaintiff was granted leave to proceed *in forma pauperis* in this action. (ECF No. 2.) This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2), 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. Having performed the initial screen of the Complaint required by 28 U.S.C. §§ 1915(e), 1915A, for the following reasons, it is **RECOMMENDED** that the Court **DISMISS** this action.

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> \* \* \*
>
> (B) the action or appeal–
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

A. Federal Rule of Civil Procedure 8(a)

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule

---

[1] Formerly 28 U.S.C. § 1915(d).

8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* ain complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

B. 42 U.S.C. § 1983

Plaintiff brings suit pursuant to 42 U.S.C. § 1983, which creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." 42 U.S.C. § 1983. To state a claim under this statute, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003).

Specific entities may be sued pursuant to 42 U.S.C. § 1983 if they are "alleged to have caused a constitutional tort through 'a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121 (1988) (quoting *Monell*, 436 U.S. at 690.) The United States Court of Appeals for the Sixth Circuit has held that a plaintiff may show the existence of a policy or custom leading to the alleged violation by identifying the following: "'(1) the municipality's legislative enactments or official policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal violations.'" *Winkler v. Madison Cty.*, 893 F.3d 877, 901 (6th Cir. 2018) (quoting *Baynes v. Cleland*, 799 F.3d 600, 621 (6th Cir. 2015)).

## II.

Plaintiff's Complaint in its entirety states as follows:

> On February 14, 2018, I was placed in segregation, at the Lake Erie Corr. Inst. (which is operated by Defendant) for threat to an inmate. At this time, some of my property was confiscated as contraband. Eventhough [sic] I received notice as to confiscation, I wasn't given opportunity to resolve matter under A.R. 5120-9-55 (Procedure for Minor Contraband)

> On April 19, 2018, I was released from segregation at Noble Corr. Inst. At this point, I realized that Lake Erie Corr. had not forwarded my property.
>
> I initiated the grievance procedure, but was denied a resolution based upon non-affiliation with Lake Erie Corr.
>
> On July 25, 2018, I filed an action against Lake Erie Corr., and received the attached decision.
>
> Federal law books are replete with caselaw showing that CoreCivic customs and/or policies consistently deprive in-mates of basic rights. CoreCivic also has a policy in Ohio of transferring inmates back to Department-ran facilities, when their circumstances prove to have violated the color of state law. Attached.

(ECF No. 3, at pg. 5.) Plaintiff seeks monetary damages in the amount of $4,500 for "actual losses; pain & suffering; and punitive damages." (*Id.* at 6.)[2]

Plaintiff asserts a claim purportedly arising under 42 U.S.C. § 1983 for alleged violations of his rights under the United States Constitution based on deprivation of property without due process. (ECF No. 1, at p. 24.) The Complaint names CoreCivic, a company that owns and manages private prisons, as a defendant. "For liability under 42 U.S.C. § 1983, Plaintiff must prove the deprivation of a right secured by the Constitution or laws of the United States and that the deprivation was caused by a person acting under color of state law." *Whitson v. CoreCivic*, No. 3:17-cv-00951, 2017 WL 3025599, at *2 (M.D. Tenn., Jul. 17, 2017) (citing *Flagg Bros., Inc.*, 436 U.S. at 155). CoreCivic performs a traditional state function because it operates Lake Erie Correctional Institution, where Plaintiff alleges the actions complained of took place. Therefore, CoreCivic acts under the color of state law. *Street v. Corr. Corp. of Am.*, 102 F.3d

---

[2] In the Court of Claims decision that Plaintiff attached to his Complaint (ECF No. 3, at pg. 7-11), the court notes that Plaintiff "sought damages in the amount of $450.00 which represented $39.00 for missing commissary items; $64.00 to replace two shirts and a pair of shower shoes; $115.00 for miscellaneous clothing items; $162.00 for pain and suffering; and, $20.00 for punative [sic] damages." (*Id.* at 7.)

810, 814 (6th Cir. 1996); *see also Thomas v. Coble*, 55 F. App'x 748, 748 (6th Cir. 2003) ("A private corporation that performs the traditional state function of operating a prison acts under color of state law for purposes of § 1983."). Unlike the state, however, CoreCivic is not entitled to Eleventh Amendment immunity and therefore may be liable under § 1983 "if its official polices or customs resulted in injury to the plaintiff." *O'Brien v. Mich. Dep't of Corr.*, 592 F. App'x 338, 341 (6th Cir. 2014).[3]

To hold CoreCivic liable, Plaintiff must demonstrate that CoreCivic's policies were the "moving force" behind Plaintiff's injuries. *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). Here, all Plaintiff alleges regarding CoreCivic's policies is that "[f]ederal law books are replete with caselaw showing that CoreCivic customs and/or policies consistently deprive in-mates of basic rights. CoreCivic also has a policy in Ohio of transferring inmates back to Department-ran facilities, when their circumstances prove to have violated the color of state law." (ECF No. 3, at p. 5.) Plaintiff, therefore, fails to allege with any particularity that a CoreCivic policy was the "moving force" behind his injuries. *See Dawson v. CoreCivic, Inc.*, No. 3:17-cv-01083, 2017 WL 4005111, at *3 (M.D. Tenn., Sept. 12, 2017) (holding that plaintiff had "not alleged that the violation of his constitutional rights resulted from acts representing official policy or custom adopted by CoreCivic" and therefore plaintiff had "not stated Eighth Amendment claims upon which relief can be granted under § 1983"); *see also Freeman v. CoreCivic, Inc.*, No. 3:18-cv-0397, 2018 WL 7137982, at *5 (M.D. Tenn., Dec. 20, 2018) (finding that CoreCivic was entitled to summary judgment because plaintiff had "not presented even a minimal amount of evidence

---

[3] "The Sixth Circuit has applied the standards for assessing municipal liability to claims against private corporations that operate prisons or provide medical care to prisoners." *Hutson v. Gibson*, No. 17-cv-01164, 2018 WL 4087505, at *2 (W.D. Tenn., Aug. 24, 2018) (citing *Thomas*, 55 F. App'x at 748-49; *Street*, 102 F.3d at 817-18; *Johnson v. Corr. Corp. of Am.*, 26 F. App'x 386, 388 (6th Cir. 2001)).

showing that a policy or custom of CoreCivic was the moving force and cause behind the alleged unconstitutional conduct and the injuries he alleges he suffered").

Furthermore, regarding the "John & Jane Does" defendants who are unnamed but identified by Plaintiff as "Various Employees at Lake Erie Correctional Institution," the Court notes that there is no *respondeat superior* liability under Section 1983. *Welch v. CoreCivic Inc.*, No. 3:17-cv-01516, 2018 WL 5808728, at *1 (M.D. Tenn., Nov. 6, 2018) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). Accordingly, for Plaintiff to succeed in a claim against CoreCivic, he "must do more than allege misconduct by individual employees or suggest things that could have been done differently or even better." *Welch*, 2018 WL 5808728, at *1. "At a minimum, [a plaintiff] must: (1) identify a specific policy or custom; (2) connect the policy or custom to CoreCivic; and (3) show that his particular injury was caused by the execution of that policy or custom." *Id.* (citing *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003). As explained above, Plaintiff has failed to even identify a specific policy or custom. His allegations against "Various Employees at Lake Erie Correctional Institution," also fail to save his claims against CoreCivic.

Additionally regarding the "John & Jane Does" defendants, Plaintiff fails to provide factual allegations sufficient to state a plausible cause of action. *See Iqbal*, 556 U.S. at 678. Plaintiff does not allege specific wrongful conduct by any named Defendant besides CoreCivic. Plaintiff's limited assertions therefore do not support any claim arising under Section 1983 against any of the unnamed Defendants. *Id.*; *see also Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989) (providing that a party cannot be held liable under Section 1983 unless the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct); *Bellamy v. Bradley*, 729 F.2d 416, 421

7

(6th Cir. 1984) (stating that, "[a]t a minimum a [Section] 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct").

### III.

For the reasons explained above, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** in its entirety. It is **FURTHER RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

### PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal

the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

**Date: February 25, 2019**   */s/ Elizabeth A. Preston Deavers*
  **ELIZABETH A. PRESTON DEAVERS**
  **CHIEF UNITED STATES MAGISTRATE JUDGE**