**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

JAMES D. ALLEN,

    Plaintiff, : Case No. 2:19-cv-497

  -vs- Judge Sarah D. Morrison
Magistrate Judge Elizabeth Preston Deavers
CORECIVIC, INC., *et al.*,
:
    Defendants.

**OPINION & ORDER**

This matter comes before the Court for consideration of an Initial Screen Report and Recommendation (hereafter "R&R") issued by the Magistrate Judge on February 25, 2019 (ECF No. 5), and Plaintiff's Objection thereto (ECF No. 6). In the R&R, the Magistrate Judge recommended that the Court dismiss Plaintiff's Complaint. For the reasons that follow, the Court **OVERRULES** Plaintiff's objection, **ADOPTS** and **AFFIRMS** the R&R, and **DISMISSES** Plaintiff's Complaint.

**I.    BACKGROUND**

On February 14, 2018, while incarcerated at Lake Erie Correctional Institution, Plaintiff James Allen was placed into segregation for threatening another inmate. (Compl., p. 5, ECF No. 3). Defendant CoreCivic, Inc. runs and manages the Lake Erie facility. (*Id.*). Plaintiff alleges that upon his removal to segregation, correctional staff confiscated some of Plaintiff's property as contraband. (*Id.*). According to Plaintiff, although he was notified of the confiscation, he was not given the opportunity to appropriately resolve it. (*Id.*). Thereafter, Plaintiff was transferred to Noble Correctional Institution but alleges he was still not returned his property. (*Id.*).

1

On July 25, 2018, Plaintiff filed a lawsuit in state court against the Ohio Department of Rehabilitation and Correction ("ODRC") in an attempt to retrieve his property. (*Id.* at 7). The Ohio Court of Claims dismissed Plaintiff's complaint on August 28, 2018, holding that since CoreCivic ran the prison, ODRC could not be held liable for CoreCivic's alleged constitutional rights violations. (*Id.* at 11). On February 15, 2019, Plaintiff, proceeding *pro se*, filed a complaint in this Court requesting $4,500 in damages for CoreCivic's alleged unlawful confiscation of his property in violation of 42 U.S.C. § 1983. (*Id.* at 6; Civil Cover Sheet, ECF No. 1-2). On the same day, Plaintiff was granted leave to proceed *in forma pauperis* in this action. (ECF No. 2).

On February 25, 2019, the Magistrate Judge performed an initial screen of the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A, and recommended that the Court dismiss Plaintiff's Complaint in its entirety for failure to state a claim upon which relief may be granted. (ECF No. 5). Pursuant to 28 U.S.C. § 1915(a)(3), the Magistrate Judge also recommended that the Court certify that an appeal of any Order adopting the R&R would not be taken in good faith. (*Id.*). Plaintiff filed an Objection on March 18, 2019. (ECF No. 6). The Court proceeds to consider Plaintiff's arguments.

**II.     ANALYSIS**

When a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

In his Objection, Plaintiff first suggests that the Magistrate Judge recommended dismissal of his action based on Plaintiff identifying the wrong "basis of jurisdiction" for his lawsuit on the Civil Cover Sheet. (ECF Nos. 1-2, 6). However, whether a federal court can hear a case based on one type of jurisdiction or another has no effect on the outcome of a case. A court settles the question of jurisdiction before evaluating the merits of a claim. *See Va. H.D. v. Bethune-Hill*, 139 S.Ct. 1945, 1950 (2019) ("To reach the merits of a case, an Article III court must have jurisdiction."). Here, Plaintiff's only cause of action is a claim for deprivation of property without due process under 42 U.S.C. § 1983. Because this cause of action is created by federal law, it invokes federal question jurisdiction. *Grable v. Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 312 (2005). On the other hand, because Plaintiff seeks only $4,500 in damages, the lawsuit clearly lacks diversity jurisdiction. *See* 28 U.S.C. § 1332 ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy *exceeds the sum or value of $75,000 . . . .*") (emphasis added)). Therefore, contrary to his assertion, Plaintiff selected the correct "basis of jurisdiction" on his Civil Cover Sheet; his selection had no bearing on the Magistrate Judge's ultimate determination as to the sufficiency of his cause of action.

The Court also disagrees with Plaintiff's argument that the R&R "overlooked the substance that was presented in the complaint." (ECF No. 6). The Magistrate Judge did not ignore the substance of the Complaint; she explained why the Complaint did not provide sufficient factual allegations to state a plausible cause of action arising under 42 U.S.C. § 1983. (6, ECF No. 5). Plaintiff failed to identify a CoreCivic policy or custom that was a "moving force" behind his alleged injuries. *See City of Canton v. Harris*, 489 U.S. 378, 389 (1989) (holding that a Defendant's policies must be the moving force behind the alleged constitutional

violation for there to be liability under § 1983); *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (explaining that an "official policy must be the moving force of the constitutional violation in order to establish the liability of a government body under § 1983" (internal quotations omitted)); *Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658, 694 (1978) (holding that city was liable under § 1983 when official policy was the moving force of the constitutional violation). Plaintiff also failed to allege any specific wrongful conduct committed by the John and Jane Doe defendants identified only as unnamed "Various Employees at Lake Erie Correctional Institution." (1, ECF No. 3); *see Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002) (explaining that to establish liability under Section 1983, a plaintiff must plead and prove that the defendant was personally involved in the conduct that forms the basis of the complaint); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (same).

Accordingly, Plaintiff's Objection is not well taken. The Court finds no reason to modify or reject the R&R.

## III. CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's Objection (ECF No. 6), **ADOPTS** and **AFFIRMS** the R&R (ECF No. 5), and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint (ECF No. 3). For the reasons set forth above and in the R&R, the Court hereby **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Opinion & Order is not taken in good faith. The Clerk is **DIRECTED** to **TERMINATE** this case from the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED.**

            /s/ Sarah D. Morrison
            SARAH D. MORRISON
            UNITED STATES DISTRICT JUDGE